UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARNELL M. SMITH,
   Plaintiff,

vs.          No. 10-4017

DEAN BLUST,
   Defendant.

## CASE MANAGEMENT ORDER

      This cause is before the court for case management. On February 25, 2010, the court entered an order in the plaintiff's two most recent lawsuits instructing the plaintiff to pay the full docketing fee in both cases within 14 days. See February 25, 2010 Case Management Order, *Smith v. Todd,* Case No. 10-4009; *Smith v Blust,* Case No. 10-4017.

      The court noted that the plaintiff had a history of filing frivolous litigation and refusing to follow court orders. For instance, the plaintiff has filed five lawsuits in this court all stemming from the same incident. *See Smith v. Blust,* Case No. 07-4087; *Smith v. Algren,* Case No. 08-4035; *Smith v Algren,* Case No. 09-4050; *Smith v Blust,* Case No. 10-4017; *Smith v. Todd,* Case No. 10-4009. The plaintiff's lawsuits all involve his arrest and prosecution for the offense of battery. The plaintiff was found not guilty, but insists that police officers, prosecutors, a court reporter and a judge were involved in a conspiracy to violate his constitutional rights. The plaintiff has also filed identical state court claims in the Ninth Judicial Circuit Court of Warren County in *Blust v Algren,* Case No. 07-L-14. As the court has noted, the plaintiff seems to believe if a court rules against him, he can simply refile his lawsuit in hopes of obtaining the ruling he desires. *Smith v. Todd,* Case No. 10-4009; February 25, 2010 Case Management Order, p.3.

      In addition, the plaintiff has bombarded the court with a series of motions even before the defendants were served in some cases. *See Smith v Algren,* Case No. 09-4050, November 10, 2009 Court Order, p. 2, [d/e 5,8,12,14, 15, 16, 17, 18, 29, 21, 22, 23] The court has consistently admonished the plaintiff that he must not continue to flood the court with his repetitive filings. In *Smith v. Algren,* Case No. 08-4035, the plaintiff was "advised that if he continues to file repeated lawsuits against the same defendants alleging the same claims, he may face sanctions." March 27, 2009 Case Management Order, p. 5. In *Smith v Algren,* Case No. 09-4050, the plaintiff was advised that he had accumulated three strikes pursuant to 28 U.S.C. §1915(g). *See* November 10, 2009 Court Order, p 3. In addition, the plaintiff was again warned that "if he continued to file the same frivolous claims against the same defendants, he could face sanctions." *Id.*, p. 3

      Despite the court's clear warnings, the plaintiff filed two new lawsuits alleging the same claims against Warren County officials. In *Smith v Blust,* Case No. 10-4017, the plaintiff again claimed that Defendant Police Officer Dean Blust had manipulated and manufactured evidence and

provided perjured testimony.  The plaintiff had already brought this claim in state court and this was the third time the plaintiff pursued the same claim in federal court.  In *Smith v. Todd,* Case No. 10-4009, the plaintiff accused Court Report Sydney Todd of failing to mail him a timely copy of his transcript and conspiring with a Judge and the States Attorney to somehow alter the transcript.  This was the second time the plaintiff has filed this claim in Federal Court.

Not only did the plaintiff continue to ignore the court's admonitions about refiling the same claims, the plaintiff filed motions to proceed *in forma pauperis* in each case and did not mention his three strikes status. *See Smith v Blust,* Case No. 10-4017, [d/e 3]; *Smith v. Todd,* Case No. 10-4009 [d/e 2].   The three strikes provision did nothing to hamper the plaintiff's zeal to sue the Warren County defendants.   The court noted that:

> The plaintiff has ignored the court's repeated warnings that he could face sanctions. The cumulative effect of the plaintiff's lawsuits clogs the court process and burdens court staff to the detriment of litigants with meritorious claims.  In addition, the plaintiff continued pursuit of the same claims against the same defendants borders on harassment.
>  February 25, 2010 Case Management Order, p. 3*; Smith v. Todd,* Case No. 10-4009; *Smith v Blust,* Case No. 10-4017.

Therefore, the court ordered the plaintiff to pay the filing fees in both *Smith v Blust,* Case No. 10-4017; and *Smith v. Todd,* Case No. 10-4009 in full within 14 days of this date.   The plaintiff was advised that if he failed to meet this deadline, the court would enter an order directing the clerks of all federal courts in this circuit to return unfiled all papers he submitted until ALL outstanding fees were paid. See *Support Sys. Int'l v. Mack*, 45 F.3d 185, 187 (7th Cir.1995).

The plaintiff has failed to pay the filing fees.  Instead, the plaintiff filed three motions for relief from judgement pursuant to Fed. R. Civ. P. 60(b) in this case. [d/e 8, 9, 10, 11].   Each rambling and repetitive motion simply repeated the same claims against the same Warren County officials that the plaintiff had brought before this court on numerous occasions. *See* May 11, 2010 Text Order.  The court also notes the plaintiff filed the same or similar motions in each of his other cases including: two in *Smith v. Blust,* Case No. 07-4087; two in *Smith v. Algren,* Case No. 08-4035; nine in *Smith v Algren,* Case No. 09-4050; and two in *Smith v. Todd,* Case No. 10-4009.   The plaintiff clearly intends to continue filing the same claims with this court and refuses to follow the court's direction.

Therefore, until the plaintiff has paid in full the outstanding fees in all civil actions he has filed, the clerk of the court will return unfiled all papers he tenders. *See Sloan*, 181 F.3d 857; *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995).  The plaintiff was previously admonished that such an order would be entered if he failed to pay the filing fees in *Smith v Blust,* Case No. 10-4017; and *Smith v. Todd,* Case No. 10-4009 and failed to follow the court's direction. February 25, 2010 Case Management Order.

**IT IS THEREFORE ORDERED:**

**The clerk of the court is directed to return unfiled all papers tendered by this plaintiff until the plaintiff has paid in full the outstanding fees in all civil actions he has filed.** *See Sloan v. Lesza*. **181 F.3d 857, 859 (7th Cir. 1999);** *Support Systems International, Inc. v. Mack***, 45 F.3d 185 (7th Cir. 1995). In accordance with the Seventh Circuit Court of Appeals ruling in** *Support Systems International, Inc. v. Mack*, **exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus.  This order may be re-examined in two years.** *See Mack,* **45 F.3d at 186-187.**

Enter this 18th day of May, 2010.

            **\s\Harold A. Baker**
         _____
             HAROLD A. BAKER
           UNITED STATES DISTRICT JUDGE